**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 95-7336**

---

JAMES D. HABURN, SR.,

Plaintiff - Appellant,

versus

JOEL BREWER, District Attorney; DETECTIVE
RAGAN; DETECTIVE PERKINS,

Defendants - Appellees.

---

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham. William L. Osteen, Sr.,
District Judge. (CA-93-317-1)

---

Submitted: November 30, 1995          Decided: January 2, 1996

---

Before NIEMEYER and WILLIAMS, Circuit Judges, and BUTZNER, Senior
Circuit Judge.

---

Affirmed as modified by unpublished per curiam opinion.

---

James D. Haburn, Sr., Appellant Pro Se.  Jacob Leonard Safron,
Special Deputy Attorney General, Raleigh, North Carolina; James
Anthony Penry, WYRICK, ROBBINS, YATES & PONTON, Raleigh, North
Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellant appeals from the district court's order denying relief on his 42 U.S.C. § 1983 (1988) complaint. We have reviewed the record and the district court's opinion accepting the magistrate judge's recommendation and find no reversible error. Accordingly, we affirm substantially on the reasoning of the district court. Haburn v. Brewer, No. CA-93-317-1 (M.D.N.C. July 31, 1995). We agree that, with respect to Appellant's damages claim, the district court properly dismissed that claim. See Heck v. Humphrey, ___ U.S. ___, ___, 62 U.S.L.W. 4594, 4597 (U.S. June 24, 1994) (No. 93-6188). Further, although the district court did not address Appellant's request for declaratory and injunctive relief, to the extent that this action is properly construed as a habeas corpus action, Appellant must demonstrate that he has exhausted state court remedies. See Preiser v. Rodriquez, 411 U.S. 475, 489 (1973); Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981), cert. denied, 455 U.S. 911 (1982). Because Appellant may refile his action if his conviction ever is overturned or called into question by the appropriate court or upon the exhaustion of state remedies, we modify the judgment to be a dismissal without prejudice. See 28 U.S.C. § 2106 (1988). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED AS MODIFIED